IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHARLES VISO, | **No. C 08-04636 RS** |
| Plaintiff, | **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| FEDERATED LIFE INSURANCE COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Charles Viso applied for benefits under his disability insurance policy issued by defendant Federated Life Insurance Company. After an investigation, Federated concluded that Viso was not eligible for benefits under the terms of the policy, and denied the claim. Viso then brought this action for breach of contract, bad faith, and intentional infliction of emotional distress. Federated seeks summary judgment in whole or in part, contending that the undisputed facts show that Viso's claim was properly denied, or that at a minimum, Federated engaged in no bad faith or outrageous conduct. Because Viso has failed to show a triable issue of fact as to whether he

1

established at the relevant time that he had a disability as defined by the policy, the motion will be granted in whole.

## II.  BACKGROUND

Viso worked for over thirty years in the plumbing industry, primarily at large commercial construction sites.  Until 1998, Viso owned Joe Amaral Mechanical, Inc., which he then sold to Therma Mechanical, Inc.   After the sale, Viso continued to be employed by Therma as an "efficiency expert."   In early 1998, Viso applied through Therma for a Disability Income Policy issued by Federated.  The policy provided for up to 60 months of benefits prior to the age of 65 should Viso become partially or totally disabled.   The policy included the following definitions:

**Total Disability**

You'll be considered totally disabled if because of sickness or injury:
a. you are under the regular and personal care of a physician; and
b. you are unable to perform the substantial and material duties of your regular occupation.

**Partial Disability**

You'll be considered partially disabled if because of sickness or injury:
a. you are under the regular and personal care of a physician; and
b. you can perform some, but not all, major duties of your regular occupation; and
c. you are able to work at your regular occupation no more than 20 hours per week.

In 2004, Viso was terminated from Therma as part of a reduction in force.  Viso filed a claim for unemployment benefits with the California Employment Development Department stating that he had been "laid off" due a "reduction in force."  Viso did *not* check the available box for "Sick or Disability."  Viso has not worked for pay since leaving Therma, although he has assisted in running a self-storage facility owned by his father.  In a 2007 doctor's visit, Viso described himself as a retired construction worker.

Viso suffers from progressive congenital hearing loss, possibly exacerbated by his longtime exposure to noisy construction sites.  The condition began to manifest itself as early as 2001, and

was diagnosed as bilateral sensory neural loss in 2004. Viso has utilized hearing aids since 2004, and has used amplifiers on telephones. Viso contends that by 2004 his hearing had degenerated to the point that even with electronic aids, he could not hear heavy equipment backing up on jobsites, could not communicate with welders in the shop or in the field, and could not hear on office phones or cell phones on the job. As a result, Viso contends, he could not do his job, both because he could not adequately communicate with others in noisy environments and because it was dangerous for him to work in proximity to heavy equipment.

Viso submitted his claim to Federated in 2007, apparently at the instigation of his daughter, who was then employed by Federated as an agent. Federated provided Viso with the appropriate claim forms, including a Statement of Disability, to be prepared by a physician. Viso returned the Statement of Disability, filled out by Dr. Steven Dear. Although Dr. Dear reported his diagnosis, Viso's symptoms, and the recommended treatment, he simply indicated "Not Rated" when asked to assess Viso's abilities and limitations, impairment rating, and ability to return to work.

Viso also submitted a Job Comparison Statement listing his pre-disability job duties, but left blank the portion of the form for reporting post-disability job duties. Viso also reported his work week as consisting of zero hours after his disability.

After reviewing Viso's submission, various medical records, and after conducting a telephonic interview with Viso, Federated sent him a letter in January of 2008 stating that he did not appear to qualify for benefits because he had not been engaged in a regular occupation since 2004, did not appear to be under the regular care of a physician, and because his physician did not report that he was unable to work. The letter indicated that Federated would continue its investigation by obtaining additional medical records, but also invited Viso to submit any additional information he would like Federated to consider.

Viso did not submit any additional information. He contends that on more than one occasion he asked Federated's claims adjuster whether he should see another doctor, and that he

offered to go to any doctor Federated might suggest. Viso asserts he was repeatedly told that he did not need to do so. Federated denies such conversations took place.[1]

In April of 2008, Federated issued a letter advising Viso that review of his claim was complete and that it had determined he was not entitled to benefits. After quoting the policy language and listing the information Federated had considered in its review, the letter stated:

> In summary, your physician did not certify your inability to work; therefore, you do not satisfy the requirements for *Total* or *Partial Disability*. Also, we did not receive the *Proof of Loss* as outlined by your policy, Since you do not satisfy the requirements as indicated, no disability payments are payable.

The letter further advised Viso that he still had the opportunity to seek further review of the claim determination. Specifically he was directed that he could present "additional information that is substantially different than what was presented with the original claim." The letter warned that "[w]ithout additional information, we will be unable to change our determination," thereby strongly implying that a different result could be obtained if satisfactory additional information were supplied.

Viso does not contend that he thereafter ever attempted to obtain and submit a physician's certification of his inability to work. Indeed, he submitted no such document even in opposition to this motion for summary judgment.

Viso continues to pay the premiums on his disability policy and it remains in force. There is no dispute that if Viso were to submit a qualifying claim for disability now, he would be entitled to benefits. The policy is limited to a maximum of 60 months of benefits payable before Viso turns

---

[1] Federated further argues that Viso testified that such conversations occurred *prior* to the January 2008 letter. The deposition excerpts submitted, however, do not include any testimony clearly establishing when all of the conversations Viso contends he had with the adjuster on this topic took place. Viso was expressly asked whether these conversations occurred before or after "the April letter" and that question may have been intended to refer to the January letter. In any event, however, Viso responded ambiguously with, "it was more than one occasion that that happened," and there do not appear to have been any follow up questions posed to clarify the point. See Viso depo. p. 109.

1 65, but as he is only 59 now, it appears he could still exhaust the policy benefits were he to qualify
2 in the immediate future.

III. LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-324 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

5

## IV. DISCUSSION

Federated's opening papers in support of this motion present four basic arguments as to why it contends Viso cannot show it breached any contractual duty to pay benefits. Federated contends that Viso's claim for benefits: (1) failed to show he was under the "regular and personal care of a physician"; (2) failed to show that he was unable to perform the substantial and material duties of his regular occupation; (3) failed to show that he even had a "regular occupation" at the time of the claim, and (4) was untimely. All but one of these arguments are insufficient to support entry of summary judgment.

First, although the policy language does require that a claimant be "under the regular and personal care of a physician," there is at least a triable issue of fact as to whether Federated could have reasonably concluded that Viso had failed to satisfy that condition. While Viso may not have been seeing a physician regarding his hearing loss on any *frequent* basis, it appears that his condition was stable and permanent, and that he likely was seeing a physician as often as was medically required. To find no triable issue of fact on this point, the Court would have to conclude as a matter of law that the policy provision requires doctor visits on some particular schedule whether or not such visits are medically necessary (or even potentially beneficial) for ongoing treatment of a specific condition. Such an interpretation would not be reasonable.[2]

Second, it may be undisputed that Viso was not engaged in, or in pursuit of, a "regular occupation" at the time he submitted his claim, but that is not dispositive. Absent any further evidence and argument bearing on policy language interpretation, it is arguably reasonable to conclude that benefits are payable when a claimant can establish a disability that *would* make it impossible to perform the substantial and material duties of the claimant's "regular occupation." There is no obvious requirement that the claimant show he or she was in fact engaged in such

---

[2] By way of example, if an insured had one leg surgically amputated, he or she might have no need for *any* continuing medical care relating to the amputation once fully healed. Such a loss could easily prevent the insured from performing all or some of his or her job duties. If that nevertheless could never constitute a disability under the policy unless the insured made unnecessary doctor visits each month, then the contracted-for disability insurance would be illusory.

occupation immediately prior to making the claim. Furthermore, for purposes of determining what a claimant's "regular occupation," entailed, reference to the job duties identified and described by the claimant at the time the policy was issued likely would be appropriate.[3]

The policy does include language defining "regular occupation" as "[t]he occupation (or occupations, if more than one) in which you are regularly engaged *at the time you become disabled.*" (Emphasis added.) Thus, there is at least an argument that Viso would have to establish that he became disabled at a time when he still had a "regular occupation," regardless of his status at the time he made a claim. Even though the record is clear that Viso lost his job for reasons unrelated to his hearing loss, and that neither he nor his employer believed he was disabled at that time, there is evidence that he was not actually able to perform all of the functions of his job. It may be that a trier of fact would conclude that Viso suffered only limitations that his employer would have accommodated but for the reduction in force. The present record, however, would also support a rational inference that Viso's hearing loss had progressed to the point that he was not actually able to perform the substantial and material duties of his regular occupation within the meaning of the policy, notwithstanding his employer's apparent willingness to keep him on in some capacity. Accordingly, there is at least a triable issue of fact as to whether it would have been a breach of contract for Federated to deny Viso's claim on grounds he had no "regular occupation," had it in fact done so in the face of adequate proof that he was disabled from performing the substantial and material duties of the job that was described in his policy application materials.

Third, Viso correctly argues that his claim was timely, because he never sought to recover benefits from any time period more than one year prior to the date he made his claim. See Policy at p. F-008, Cal. Ins. Code § 10350.7 (both requiring proof of loss within one year.)

---

[3] If, of course, an insured had communicated to an insurer a change in "regular occupation" sometime after the policy issued, it might be appropriate to look to such updated information. A more difficult question might arise should an insured change regular occupations without the insurer's knowledge and then suffer a disability that interfered with the new job but that would not have interfered with the prior job. This case does not present such issues, however.

7

The final reason that Federated contends summary judgment is warranted, and the basis on which his claim was actually denied, has merit. As the insured, Viso had the initial burden of establishing that his claim was within the scope of coverage. *Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 1188 (1998). As noted above, Viso has *never* provided a physician's certification of his disability, even in these proceedings. While it is apparent that Viso suffers from substantial hearing loss and it may be obvious that it would present at least some obstacles for him in the workplace, he has never shown that he has a disability that would prevent him from carrying out all or some of the substantial and material duties of his regular occupation, even with accommodation. Viso's own testimony as to the difficulties he experienced on the job may be sufficient to create a factual issue as to whether he was in fact disabled, but it does not create a triable issue as to whether he sufficiently *proved* he was disabled when he submitted his claim to Federated.

Viso argues that he did not need to prove his disability to Federated, and does not now need to show a triable factual issue as to whether he proved a disability, because of the claim agent's representations to him that seeing another doctor was not necessary. Viso in effect is arguing that the moment Federated denied his claim, his breach of contract and related claims arose and he had a right to file this action. Given Federated's clear invitation to Viso to submit further information, and its clear statement of what was lacking, that argument is not tenable, even assuming there is a dispute as to what Viso had earlier been told by the claims agent or when in the claims process any such conversations occurred.

Accordingly, there is no material disputed issue of fact that Viso failed to establish a disability within the meaning of the policy to give rise to a right to benefits, regardless of whether or not there is some evidence that he may have actually been disabled within the meaning of the policy. As a result, his claims for breach of contract, bad faith, and intentional infliction of emotional distress all fail, and summary judgment is appropriate.

# V. CONCLUSION

Federated's motion for summary judgment is granted. A separate judgment will issue.

IT IS SO ORDERED.

Dated: 01/28/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE